1

2

3

4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

AARON WILLIAMSON,

Case No. 2:16-CV-2251 JCM (NJK)

8

Plaintiff(s),

ORDER

9

v.

10

WELLS FARGO HOME MORTGAGE,

11

Defendant(s).

12

13

Presently before the court is defendant Wells Fargo Bank, N.A.'s motion to dismiss

14

plaintiff Aaron Williamson's complaint pursuant to Federal Rules of Civil Procedure 9(b) and

15

12(b)(6).  (ECF No. 6).  Plaintiff has not filed a response to the motion to dismiss, and the deadline

for submission has passed.  (ECF No. 11).

16

The local rules have the force of law.  *See United States v. Hvass*, 355 U.S. 570, 574–575

17

(1958).  Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities

18

in response to any motion . . . constitutes a consent to the granting of the motion."  The Ninth

19

Circuit instructs that a district court must weigh several factors before granting a motion filed

20

pursuant to Federal Rule of Civil Procedure 12 because a party failed to comply with a local rule:

21

"(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

22

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

23

cases o[n] their merits; and (5) the availability of less drastic sanctions."  *Ghazali v. Moran*, 46

24

F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)

25

(discussing a Nevada local rule construing a failure to oppose a motion as effectively consenting

26

to the granting of that motion); *see also Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003)

27

(indicating that *Ghazali* provides the applicable rule for evaluating a Rule 12 motion to dismiss in

light of a local rule authorizing dismissal).

28

**James C. Mahan**
**U.S. District Judge**

1    This court finds that granting defendant's motion to dismiss would protect the public's

2    interest in the expeditious resolution of litigation.  *See Ghazali*, 46 F.3d at 53.  Indeed, defendant

3    indicates that plaintiff has been unresponsive in another aspect of this case.  (ECF No. 10 at 1)

4    ("Wells Fargo has attempted to contact Plaintiff in writing to prepare a Joint Status Report, but has

5    received no response.").

6    This court also finds that granting defendant's motion to dismiss would permit the court to

7    effectively manage its docket.  *See Ghazali*, 46 F.3d at 53.  Additionally, defendant would be

8    prejudiced if the court did not rule on the present motion because it would be forced to wait for

     plaintiff—who initiated this case—to resolve the present action.  *See id.*

9    This court acknowledges the public policy favoring the disposition of cases on their merits.

10   *See id.*  However, dismissal is an appropriate sanction in this circumstance because about a month

11   has elapsed since the expiration of plaintiff's response deadline, and plaintiff has yet to file an

12   opposition to defendant's motion to dismiss.  Indeed, "pro se litigants are bound by the rules of

13   procedure." *Id.* at 54.

14   Weighing the *Henderson* factors, this court finds that defendant's motion to dismiss will

15   be granted pursuant to Local Rule 7-2(d).  *See id.* at 53.

16   Accordingly,

     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Wells Fargo

17   Bank, N.A.'s motion to dismiss plaintiff's complaint (ECF No. 6) be, and the same hereby is,

18   GRANTED.

19   IT IS FURTHER ORDERED that plaintiff Aaron Williamson's complaint (ECF No. 1-1)

20   be, and the same hereby is, DISMISSED without prejudice.

21   DATED November 29, 2016.

22

23   UNITED STATES DISTRICT JUDGE

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**